### No. 9016.

CAROLINA M. SCHILLER VS. THE NEW ORLEANS CITY RAI .. AD CO.

The principles announced in the decision of Fairex vs. same defendant, are applied in this case.

The authority of a tutrix to sell movables of minor ward, under administration, must be exercised under judicial authorization and at public sale, Articles 338 and 341. Rev. C. C. being construed together.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*Charles S. Rice* for Plaintiff and Appellee.

*Braughn, Buck & Dinkelspiel* and *W. O. Hart*, for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. The cause of action herein is identical with that presented in the case of Mrs. O. A. Fairex vs. the same defendant.

The principles announced by us in the decision of the last mentioned case, are accepted by all parties as correct and as applicable here.

The only distinction urged between the cases, is that in the instant case, the transfers complained of were made during the minority of the present plaintiff, and that Mrs. Schiller, in her capacity as tutrix, had the right to make them. This pretention is based on Article 338, Rev. C. C.; but it is obvious that this article must be construed with Article 341; and from the two it is clearly apparent that the tutrix can sell neither the movables nor immovables of her ward, except under judicial authorization.

Complaint is also made that the value of the stock recovered should be assessed according to the market price at the date of its illegal transfer; whereas, in the Fairex case, the judgment affirmed, allowed

its value at the date when, by the termination of the tutorship and the annulment of the widow's usufruct, plaintiff acquired the right to enter into possession of her stock. In the eye of the law and as regards the defendant, plaintiff remained the owner of the stock and was entitled to the increment in its value at least to the date mentioned.

The judgment appealed from in this case does not conform to these views, and must be reversed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered below, it is now ordered, adjudged and decreed that plaintiff, Carolina Mathilda Schiller, do have and recover judgment against the New Orleans City Railroad Company, defendant, decreeing said plaintiff to be the owner of eleven and one-third shares of the capital stock of said company, with the dividends declared thereon since the twenty-eighth day of January, 1871, and, in default of issuance of said certificate, then she do have judgment for the value thereof, to-wit, $1269 33⅓, with the dividends thereof, of one and a half per cent on March 25, June 24, September 30, and December 30, 1881; March 17, June 16, 1882 respectively, and any other dividends subsequently declared; defendant to pay costs of the lower court, and plaintiff and appellee to pay costs of this appeal.